IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATHERINE PACKETT, | * | |
| Plaintiff, | * | |
| | * | Civil Action No. RDB-17-1630 |
| v. | * | |
| UNVERISTY OF MARYLAND MEDICAL CENTER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Katherine Packett ("Plaintiff" or "Packett") filed this action against Defendant University of Maryland Medical Center ("UMMC" or "Defendant"), asserting state law claims for unlawful retaliation, disability discrimination and retaliation, and wrongful discharge based on Plaintiff's disclosure of and/or objections to patient safety and wage issues. (Compl., ECF No. 2.) Packett originally filed her Complaint in the Circuit Court for Baltimore City, Maryland. UMMC removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, based on the Family and Medical Leave Act of 1993, 29 U.S.C §§ 2601 *et seq.* (ECF No. 1.) Currently pending before this Court is Plaintiff's Motion to Remand and Motion for Attorney's Fees. (ECF No. 14.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiff's Motion (ECF No. 14) is GRANTED IN PART and

1

DENIED IN PART. Specifically, this case will be REMANDED to the Circuit Court for Baltimore City, Maryland, but Plaintiff is not awarded attorney's fees.

## BACKGROUND

Plaintiff Katherine Packett worked for UMMC from July of 2013 to January of 2016. (Compl., ECF No. 2 at ¶ 7.) During this time, her immediate supervisor was Eveena Felder ("Felder"). (*Id.* at ¶ 7.) On June 16, 2015, she was promoted from Senior Clinical Nurse I to Senior Clinical Nurse II. (*Id.* at ¶ 10.) This promotion included a salary increase that Packett was told would only take a few weeks to process. (*Id.* at ¶ 25.) When her salary had not increased by mid-July, she contacted Human Resources and was told that her promotional paperwork had not been submitted. (*Id.* at ¶ 27.) Plaintiff followed up with Felder who told her that she had properly submitted the paperwork. (*Id.*) Packett claims that she was subsequently forced to contact numerous individuals before her promotion was finally processed on or around September 11, 2015. (*Id.* at ¶ 31.) Also during this time, from around February of 2015 through September of 2015, Packett reported violations by a fellow registered nurse to both Felder and the department's Quality Improvement Coordinator, Beth Sherfy ("Sherfy"). (*Id.* at ¶ 16.) Despite Plaintiff voicing her concerns about patient safety, no one at UMMC took "any meaningful corrective action." (*Id.* at ¶¶ 14-23.) Frustrated by the lack of response, in September of 2015 Packett "began escalating patient safety issues her immediate supervisors had been ignoring for several months to UMMC administrators," including the Medical Director. (*Id.* at ¶¶ 13, 24.)

Plaintiff claims that around this same time that her salary increase was processed and she began escalating her patient safety concerns, Felder "seemed to be intentionally making

2

her working conditions intolerable." (*Id.* at ¶¶ 32-35.) Given her suspicions of retaliation, on September 27, 2015, Plaintiff contacted the Director of Nursing and PCS, who then shared Plaintiff's concerns with the Interim Director of the Division of Women's and Children's Health. (*Id.* at ¶ 37.) Three days later, Plaintiff also submitted Family and Medical Leave Act paperwork requesting intermittent leave related to medical conditions. (*Id.* at ¶ 38.) The paperwork included a request that Plaintiff should not work more than forty (40) hours per week when possible. (*Id.*) The FMLA request was approved. (*Id.*) Despite the approval, however, Felder continued to insist that Plaintiff work more than forty hours a week. (*Id.*) When the situation with Felder continued to worsen, Plaintiff reached out to additional UMMC administrators. (*Id.* at ¶¶ 39-48). Finally, on December 21, 2015, Packett indicated that she would be leaving her employment on January 11, 2016. (*Id.* at ¶ 49.) On December 28, 2015, however, Plaintiff was notified that she was being placed on administrative leave and escorted from the building. (*Id.* at ¶ 49.) Subsequently, Plaintiff filed a complaint with UMMC's Corporate Compliance Office and a Charge of Discrimination with the Employment Opportunity Commission (EEOC). (*Id.* at ¶¶ 50, 52.)

On December 29, 2016, Plaintiff filed the instant three-count Complaint in the Circuit Court for Baltimore City, Maryland, alleging: retaliation in violation of the Maryland Health Care Worker Whistleblower Protection Act, Md. Health Occ. Code Ann. § 1-501, *et seq.* (Count I); discrimination and retaliation in violation of the Maryland Fair Employment Practices Act, Md. State Gov't Code Ann. § 20-101, *et seq.* (Count II); and wrongful discharge (Count III). (ECF No. 2.) Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction under 28 U.S.C. § 1331, based on the

3

Family and Medical Leave Act of 1993, 29 U.S.C §§ 2601 *et seq.* (ECF No. 1.) Plaintiff filed the pending Motion to Remand. (ECF No. 14.)

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

## ANALYSIS

### I.  Motion to Remand

Defendant UMMC argues that this Court may properly exercise subject matter jurisdiction over this case because Packett's claims arise under the Family and Medical Leave Act of 1993, 29 U.S.C §§ 2601 *et seq.* ("FMLA"). Specifically, Defendant asserts that Plaintiff's claims under the Maryland Health Care Worker Whistleblower Protection Act and Maryland Fair Employment Practices Act "includ[e] retaliatory denial of her rights under the

4

[FMLA]." (ECF No. 17 at 1-2.) Accordingly, Defendant asserts that removal pursuant to 28 U.S.C. § 1441 was proper and this Court exercises jurisdiction under 28 U.S.C. § 1331. In her Motion to Remand, Packett argues that the Complaint "does not allege that UMMC violated or unlawfully interfered with her rights under the Family and Medical Leave Act, nor does she seek any damages for any alleged violations of her FMLA rights." (ECF No. 14 at 2, 4.) Rather, Plaintiff brought her claims under Maryland statutory and common law, alleging that "after she informed UMMC administrators of patient safety concerns and wage payment issues her immediate supervisor had been ignoring for months, her supervisor began treating her more harshly than her coworkers and subjected her to various adverse employment actions" that forced Plaintiff to resign. (*Id.*)

The "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987). Under this rule, courts "'ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)). A complaint raises a federal question in one of two ways. The more common is when a plaintiff's cause of action is itself created by federal law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986). The second, narrower way of establishing federal jurisdiction is often referred to as the "substantial federal question doctrine." *Pinney*, 402 F.3d at 442. This doctrine permits a federal court to exercise jurisdiction over a plaintiff's state law cause of action when the state claim "necessarily depends on resolution of a substantial question of

federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *see also Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) (stating that federal courts may exercise federal question jurisdiction over "state-law claims that implicate significant federal issues" and "turn on substantial questions of federal law," as such claims "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues").

The Defendant UMMC opposes a remand in this case on the grounds that this is a case of "artful pleading." Pursuant to this argument, the Defendant argues that a plaintiff cannot avoid federal jurisdiction by attempting to artfully allege a state cause of action. Artful pleading is a doctrine that "allows removal where federal law *completely preempts* a plaintiff's state law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925 (1998) (emphasis added).[1] "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987). Accordingly, this doctrine prevents a plaintiff from "seek[ing] to avoid the effect of preemption by pleading only state causes of action." *Woods v. Nissan North America*, No. CCB-04-2898, 2005 WL 1000089, at *2 (D. Md. Apr. 29, 2005).

The artful pleading doctrine does not apply, however, where state law causes of action are not completely preempted by federal law. The Family and Medical Leave Act

---

[1] Some courts treat complete preemption and artful pleading as two distinct doctrines. *See Venezuela v. Massimo Zanetti Beverage USA, Inc.*, 525 F. Supp. 2d 781, 785 (E.D. Va. 2007) (explaining that there are two exceptions to the well-pleaded complaint rule, complete preemption and artful pleading). However, as this Court has previously explained, other decisions equate the artful pleading doctrine with complete preemption. *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 327 F.Supp.2d 554, 563 (D. Md. 2004).

6

specifically states, "[n]othing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act." 29 U.S.C. § 2651. While the United States Court of Appeals for the Fourth Circuit has not yet addressed whether the FMLA preempts state law claims, this Court and other district courts in the Fourth Circuit have held that the FMLA unambiguously does *not* preempt state law claims. *See Danfelt v. Bd. of County. Com'rs of Washigton County*, 998 F.Supp. 606, 611 (D. Md. 1998) (explaining that the FMLA did not preempt Plaintiff's wrongful discharge claim under Maryland law); *see also Vandevander v. Verizon Wireless, LLC*, 149 F.Supp.3d 724, 728 (S.D.W. Va. 2016) ("The FMLA, by its terms, does not preempt state law claims, and the Act's terms reveal Congress' general intent to prevent the FMLA from preempting state law claims."); *Davis v. Cabela's Inc.*, No. 07–88, 2008 WL 183717, at *2 (N.D.W. Va. Jan. 18, 2008)("The FMLA itself provides that it does not preempt related state law claims.") (citation omitted). Accordingly, Packett's claims are not completely preempted and the artful pleading doctrine does not provide jurisdiction to this Court.

As Plaintiff's claims are not completely preempted by the FMLA, this Court addresses whether, as Defendant argues, Packett's state and common law claims fall within "the small class of 'cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessary depends on resolution of a substantial question of federal law.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166 (1988)). The Supreme Court articulated four factors in *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) for

7

determining whether this standard is met: the federal question must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 1065 (2013); *see also Commonwealth of Virginia ex rel. Hunter Laboratories, LLC v. Commonwealth*, 828 F.3d 281, 286-87 (4th Cir. 2016).

Beginning with the first prong of the *Grable* test, "[a] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of the federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004) (emphasis in original); *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177 (4th Cir. 2014) (en banc). "In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon*, 369 F.3d at 817; *see also Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless the federal question is essential to each of those theories"). In *Dixon*, the Fourth Circuit found that removal was improper when:

> [The Plaintiff] Dixon's complaint could support a finding of liability for violating [South Carolina Code] Section 16–17–560 under any of the following three theories—(1) Dixon was fired because of his political opinions; (2) Dixon was fired for exercising political rights guaranteed by the United States Constitution; and (3) Dixon was fired for exercising political rights guaranteed by the South Carolina Constitution. . . . Of the three alternative theories, only the second even arguably involves the resolution of a substantial question of federal law.

*Id.* at 818.

8

The Defendant UMMC argues that there is no alternative theory for retaliation that does not contain a substantial question of federal law. However, none of Plaintiff's causes of action rely *exclusively* on an FMLA violation. The gravamen of Plaintiff's claims under both the Maryland Whistleblower Protection Act and Maryland Fair Employment Practices Act is that UMMC "subjected her to unequal terms and conditions of employment and, ultimately, constructively discharged her for disclosing and/or objecting to patient safety issues and complaining about wage payment issues she reasonably believed were unlawful." (ECF No. 2 at ¶ 1.) As a result of her disclosures and participation in protected activities, "including, *but not limited to*, requesting to take leave and/or limit her hours of work as a reasonable accommodation for her disabilities," Plaintiff was subjected to "numerous adverse employment actions." (*Id.* at ¶¶ 56-65) (emphasis added). In Count 59 of the Complaint, Packett lists all of the allegedly adverse employment actions:

> 59. As a result of Plaintiff's disclosures, UMMC and/or its employees and/or agents, including, but not limited to, Ms. Felder, Ms. Thompson and/or Ms. Bauman, subjected Plaintiff to numerous adverse employment actions as set forth herein, including, but not limited to, imposing unreasonably harsh conditions on her in excess of those faced by her co-workers; suddenly issuing her a written warning and placing her on a performance improvement plan for conduct that was a common practice in her Department and not in violation of UMMC policy; *ignoring her request pursuant to the FMLA to limit her work hours to forty (40) hours per week when possible*, which UMMC ostensibly approved, and requiring her to work in excess of forty (40) hours per week on multiple occasions; reprimanding her and criticizing her performance in front of her coworkers; summarily issuing her a written warning falsely accusing her of engaging in conduct that violated UMMC policy and posed a danger to patient safety without investigating the incident and, ultimately, constructively discharging her by deliberately making her working conditions so intolerable that a reasonable person in her place would have felt compelled to resign.

(ECF No. 2) (emphasis added).

Considering the above allegations, it is clear from the Complaint that Packett can support each of her claims with at least one theory that does not call for an interpretation of federal law. First, Plaintiff alleges she participated in multiple protected activities: objecting to patient safety issues she reasonably believed were unlawful, complaining about wage payment issues she reasonably believed were unlawful, and requesting to take leave and/or limit her hours of work as a reasonable accommodation for her disabilities. Second, she alleges that as a result, she was subject to the numerous adverse employment actions described above. This claim is clearly within the ambit of the Maryland Health Care Worker Whistleblower Protection Act, Md. Health Occ. Code Ann. § 1-501, *et seq.* Thus, while Plaintiff references the FMLA in her Complaint, it is incorporated only as one protected activity in which she was engaged and as to which she was allegedly subjected to retaliation. Therefore, "every legal theory" supporting her right to relief under these claims does not require resolution of a federal issue under the FMLA and the "necessarily raised" requirement has not been met. *Flying Pigs*, 757 F.3d at 182-83; *Dixon,* 369 F.3d at 817;[2] *Pudder v. Wal-Mart Stores, Inc.*, No. X., 2012 WL 1570029 (S.D.W. Va. May 2, 2012) (granting motion to remand when "[o]ne theory to support her claim is that Defendants denied her FMLA leave to which she was lawfully entitled. It is plain from the complaint, however, that Plaintiff alleges other theories to support her state law claim, without reliance on her FMLA theory").

---

[2] Defendant's only attempt to distinguish this case from *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818 (4th Cir. 2004) is by arguing that *Dixon* was removed on the basis of a First Amendment claim. While that is true, under the above analysis this is a distinction without a difference.

Further, even if this Court were to find that one of Plaintiff's claims necessarily raise a federal issue under the FMLA, that issue would not meet the substantiality requirement. As this Court explained in *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 327 F.Supp.2d 554 (D. Md. 2004), "[w]hether a federal issue is sufficiently substantial turns on 'the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote.'" *Id.* at 567 (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 152 (4th Cir. 1994)). "The determination of whether a federal issue is sufficiently substantial should be informed by a sensitive judgment about whether the existence of federal judicial power is both appropriate and pragmatic." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996). In Defendant's Answer, UMMC "admit[ted] that Plaintiff sought and was granted FMLA leave. The FMLA paperwork speaks for itself." (ECF No. 10 at ¶ 38.) Accordingly, resolution of Packett's claims would not require this Court to "consider and resolve several predicate issues involving interpretation of the FMLA, including, but not limited to, whether Plaintiff was an 'eligible employee' under the FMLA." (ECF No. 17 at 5-6.)

As the master of her claims, Plaintiff has chosen only to assert causes of action under Maryland state and common law, and the Defendant has not met its burden of showing that removal is proper. Therefore, this Court does not have federal subject matter jurisdiction over Plaintiff's claims and this case will be REMANDED to the Circuit Court for Baltimore City.

## II. Motion for Attorney's Fees and Sanctions

A remand order may require the payment of attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorney's fees should only be awarded under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As this Court has explained, "a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.*, 209 F.Supp.2d 559, 564 (D. Md. 2002); *Feldman's Medical Center Pharmacy, Inc. v. CareFirst Inc.*, 959 F.Supp.2d 783, 798 (D. Md. 2013). "Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award." *Cohn v. Charles*, 857 F. Supp. 2d 544, 549-550 (D. Md. 2012). Although this Court concludes that removal was improper, there is no basis to find that Defendant was objectively unreasonable in seeking removal. Accordingly, Plaintiff's Motion is DENIED with respect to her request for attorney's fees.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion (ECF No. 14) is GRANTED IN PART and DENIED IN PART. Specifically, this case will be REMANDED to the Circuit Court for Baltimore City, Maryland, but Plaintiff is not awarded attorney's fees.

Dated: November 30, 2017

_____/s/_____

Richard D. Bennett
United States District Judge